UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Charles R. Ogle,** *et al.***,**

    **Plaintiffs,**

    v.

**BAC Home Loans Servicing LP,** *et al.***,**

    **Defendants.**

Case No. 2:11-cv-540
JUDGE SMITH
Magistrate Judge Kemp

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Renewed Motion for Preliminary Injunction (Doc. 14). This motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

**I. BACKGROUND**

In June 2011, *pro se* Plaintiffs Charles R. Ogle and Melanie A. Ogle initiated this action against Defendants alleging that Defendants are unlawfully attempting to displace them from their home. Plaintiffs assert a number of federal and state claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act, a claim under the Ohio Corrupt Practices Act, and a claim for injunctive relief. Plaintiffs filed a Motion for Preliminary Injunction (Doc. 3) with their original Complaint (Doc. 2), seeking an order restraining Defendants from effecting any legal action against them in regard to a mortgage secured by property owned by them. The Motion was fully briefed. In response to Plaintiffs' reply to Defendants' response to the motion for a

preliminary injunction, Defendants moved to strike Exhibit "A" to Plaintiffs' reply (Doc. 9). Plaintiffs did not timely respond to the Motion to Strike Exhibit "A". Prior to any ruling on the Motion for Preliminary Injunction, or the Motion to Strike Exhibit "A", Plaintiffs filed an Amended Complaint (Doc. 15) and a Renewed Motion for Preliminary Injunction (Doc. 14). Additionally, within the last two weeks, Defendants filed Motions to Dismiss (Docs. 31 and 32), and a Motion to Strike the Amended Complaint (Doc. 33). These three motions are not yet ripe for review. Because the Renewed Motion for Preliminary Injunction and the Motion to Strike Exhibit "A" are ripe for disposition, they will be resolved at this time. The remaining motions will be resolved at a later date.

## II. STANDARD OF REVIEW

Rule 65(b) of the Federal Rules of Civil Procedure permits a party to seek injunctive relief to prevent immediate and irreparable injury. A court considers four factors in determining whether to grant the extraordinary remedy of injunctive relief: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). The standard for granting a permanent injunction is "essentially the same," as that for a preliminary injunction, except that a plaintiff must demonstrate actual success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 (1987). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

As it relates to Plaintiffs' claim under the Ohio Corrupt Practices Act (Ohio Rev. Code § 2923.31 et seq.) ("OCPA"), which is the primary basis of their request for a preliminary injunction, Ohio Revised Code § 2923.34(B) provides that "[i]f the plaintiff in a civil action instituted pursuant to this section proves the violation by a preponderance of the evidence, the court, after making due provision for the rights of innocent persons, may grant relief by entering any appropriate orders to ensure that the violation will not continue or be repeated." And Ohio Revised Code § 2923.34(D) provides that "[i]n a civil proceeding under division (B) of this section, the court may grant injunctive relief without a showing of special or irreparable injury. . . Pending final determination of a civil proceeding initiated under this section, the court may issue a temporary restraining order or a preliminary injunction upon a showing of immediate danger or significant injury to the plaintiff[.]"

### III.  DISCUSSION

As a preliminary matter, the Court will address Defendants' Motion to Strike Exhibit "A" to Plaintiffs' Reply. Citing Rule 12(f) of the Rules of Civil Procedure, Defendants argue that the Court should strike certain allegations in Plaintiffs' reply brief and the Exhibit that is attached to the reply which forms the bases of these allegations. Defendants argue that this material is irrelevant, immaterial, and unfairly prejudicial.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any

3

redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is limited to "pleadings and is inapplicable to other filings." *Turner v. City of Akron*, 2008 WL 45376 (N.D. Ohio Jan. 2, 2008) (quoting *Dawson v. Kent*, 682 F. Supp. 920 (N.D. Ohio 1988)); *Zep Inc. v. Midwest Motor Supply Co.*, 2010 WL 2572129, *2 (S.D. Ohio June 22, 2010) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings."). A brief is not a "pleading." *See* Fed. R. Civ. P. 7(a) (defining what pleadings are permitted). Therefore, by its terms, Rule 12(f) does not apply to briefs and other non-pleadings. Nonetheless, the Court has the inherent power to strike filings that do not comply with court rules. *See Zep Inc.*, at *2 (noting that courts apply their inherent power to control their dockets when determining whether to strike documents).

Exhibit "A" to Plaintiffs' reply brief (Doc. 8) appears to be some type of news release concerning an audit report relating to the assignments of mortgages that had been recorded in the Southern Essex District Registry of Deeds, in the Commonwealth of Massachusetts. It is reported in the document that a high percentage of mortgage assignments that were the subject of the audit were invalid, but the document provides no information regarding the particular mortgage loan that is at issue here. And Plaintiff fails to explain how this document is relevant to this proceeding. Although the Court will not strike the challenged exhibit, it will exclude this exhibit from consideration in resolving Plaintiff's motion for injunctive relief.

Plaintiffs seek an order enjoining Defendants from displacing them from their home in connection with the foreclosure action filed by Defendants in the Hocking County Court of Common Pleas. In effect, Plaintiffs are requesting an order enjoining any further proceedings in the foreclosure action in state court. Defendants argue that Plaintiffs' injunction request is barred

by the Anti-Injunction Act, that even if it is not barred, Plaintiffs have failed to properly plead a claim under the OCPA and thus cannot seek injunctive relief under it, and that Plaintiffs have failed to make a showing of immediate danger or significant harm necessary to grant injunctive relief under the OCPA.

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court of the United States has recognized that the Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970). These three exceptions are: (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004); *see* 28 U.S.C. § 2283. The party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions. *Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910, 918–919 (N.D. Ohio 2008).

In the case at bar, Plaintiffs allege that they are entitled, under the OCPA, to injunctive relief against any state court foreclosure proceedings. Plaintiffs do not, however, direct the Court to any applicable exception to the Anti-Injunction Act. In fact, there is no indication that any of the exceptions apply here. *See Sherman v. Saxon Mortgage Services, Inc.*, Case No. 10-2282, 2010 WL 2465459, 6 (W.D. Tenn., Jun 14, 2010) (if the foreclosure action is still pending in state court, the plaintiffs' prayer for relief from the foreclosure is precluded by the Anti–Injunction

Act). Because Plaintiffs' Renewed Motion for Preliminary Injunction must be denied in view of the Anti-Injunction Act, and the absence of any one of the three specifically defined exceptions to the prohibition against enjoining state court proceedings, it is unnecessary to address the additional arguments asserted by Defendants for why Plaintiffs' injunction request should be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Renewed Motion for Temporary Injunction (Doc. 14). Additionally, Plaintiffs' original Motion for Temporary Injunction (Doc. 3) is **DENIED as moot**, and Defendants' Motion to Strike (Doc. 9) is **DENIED**.

The Clerk shall remove Documents 3, 9, and 14 from the Court's pending motions list.

**IT IS SO ORDERED.**

  *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**