# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Charles R. Ogle,** *et al.*,

    **Plaintiffs,**

                              Case No. 2:11-cv-540
                              JUDGE SMITH
    v.                              Magistrate Judge Kemp

**BAC Home Loans Servicing LP,** *et al.*,

    **Defendants.**


**Bank of America, N.A.,**

    **Plaintiff,**                        Case No. 2:11-cv-745
                               JUDGE SMITH
    v.                             Magistrate Judge Kemp

**Ogleshill Farm, LLC,** *et al.*,

    **Defendants,**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Charles and Melanie Ogle's Motion to Reopen Certain Claims (Doc. 63 in Case No. 2:11-cv-540) and Plaintiffs' Motion to Vacate Judgment of Dismissal of Claims against Sandra Williams and Motion for Sanctions (Doc. 88 in Case No. 2:11-cv-540). Defendant Bank of America, N.A. as successor by merger to BAC Home Loans Servicing L.P. opposes these Motions. For the reasons that follow, Plaintiffs' Motion to Reopen Certain Claims is **DENIED** and Plaintiffs' Motion to Vacate Judgment of Dismissal of Claims against Sandra Williams and Motion for Sanctions is **DENIED**.

## I. BACKGROUND

On May 17, 2005, Plaintiff Charles Ogle executed a promissory note (the "note"), whereby he agreed to repay $98,000 (plus interest) loaned to him by America's Wholesale Lender ("AWL"), which was doing business as Countrywide Home Loans, Inc. ("CHL"). On the same day, Plaintiff Charles Ogle, and his wife, Plaintiff Melanie Ogle, granted a mortgage to CHL, thereby granting CHL a security interest in Plaintiffs' property. In an effort to meet the monthly obligation under the terms of the note, Plaintiffs established an automatic monthly mortgage loan payment from their personal checking account. In the fall of 2009, however, Plaintiffs determined that their loan payment was going to BAC Home Loans Servicing L.P. ("BAC") (now Bank of America N.A. successor by merger), and not CHL, and they thereafter ceased making payments. In March 2010, BAC initiated an action in the Hocking County Ohio Court of Common Pleas, asserting its right to foreclose as holder of the note executed by Plaintiff Charles Ogle. Plaintiffs challenged the foreclosure, and in February 2011, BAC voluntarily dismissed the action, presumably without prejudice.

In June 2011, *pro se* Plaintiffs Charles and Melanie Ogle initiated Case No. 2:11-cv-540 ("the first case") in this Court against fourteen parties alleging that these defendants are unlawfully attempting to displace them from their home. The defendants in the first case include BAC, AWL, CHL, Sandra Williams, Mortgage Electronic Registration Systems, Inc. ("MERS"), Carlisle McNellie Rini Kramer & Ulrich Co., LPA ("Carlisle"), and CoreLogic Document Solutions ("Corelogic"). Plaintiffs asserted a number of federal and state claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act, a claim under the Ohio Corrupt Practices Act, and a claim under the Fair Debt Collection Practices Act.

In July 2011, Bank of America, N.A., refiled the foreclosure action in the Hocking County Ohio Court of Common Pleas. In the state foreclosure action, Plaintiffs filed a Third Party Complaint, which essentially presents the same claims against the same parties as presented in the first case. In August 2011, Plaintiffs removed the foreclosure action to this Court, assigned case number 2:11-cv-745 ("the foreclosure action").

Bank of America retained counsel to represent it, as well as its current and former employees, including Defendant Sandra Williams a former employee. Defendants, with the exception of Defendant Carlisle, in Case No. 2:11-cv-540 filed a Motion to Dismiss (Doc. 32), as well as some other motions. On January 12, 2012, the Court granted Defendants' Motion to Dismiss and all of Plaintiff's claims in Case No. 2:11-cv-540 were dismissed with the exception of the claims against Defendant Carlisle. (Doc. 48).

Now, almost nine months after the dismissal of their claims, Plaintiffs request the Court to reopen their claims based on two Sixth Circuit Court decisions. And, almost a year later, Plaintiffs move to vacate the judgment in favor of Ms. Williams.

## II. STANDARD OF REVIEW

A motion to reopen as titled by Plaintiffs, or essentially a motion for reconsideration of final judgment on certain claims is a nullity. *See Williams, et al., v. Continental Express Co., et al.*, 2008 Ohio App. LEXIS 4464 (Ohio App. 3 Dist. 2008) (*citing Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 379 (1981) ("Interpretation of the Rules of Civil Procedure and practical considerations warrant our determination that motions for reconsideration of a final judgment in the trial court are a nullity."). A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps*

3

*v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986). As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1998) (Kinneary, J.) (citing *Firestone v. Firestone*, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)).

Rule 60(b) also provides explicit reasons for which relief from a judgment may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial Under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Higgs v. Transportation Specialist Sanford, et al.*, 2009 U.S. Dist. LEXIS 51726 (W.D. KY. 2009). "Like Rule 59(e), Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Id.*, citing *Burnley v. Bosch Americas Corp.*, 75 Fed. Appx. 329, 333 (6th Cir. 2003).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing*, 825 F. Supp. 1216, 1219-20 (D. N.J. 1993); 11 Charles

4

Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995) (Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998) (citing *Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F. Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220.

### III. DISCUSSION

**A.   Motion to Reopen Certain Claims**

Plaintiffs request the Court reopen or reconsider their second and sixth claims of their Amended Complaint based on new law. In support, Plaintiffs cite two Sixth Circuit opinions addressing the FDCPA: *Bridge v. Ocwen Federal Bank FSB*, 681 F.3d 355 (6th Cir. 2012) and *Wallace v. Washington Mutual Bank, FA*, 683 F.3d 323 (6th Cir. 2012). Plaintiffs assert that the two cases "represent substantially similar facts and issues alleged in [their] Amended Complaint, and for which analyses and conclusions they rely in support of their motion to reopen the Second

Claim: Violation of Fair Debt Collection Practices Act of their Amended Complaint (doc. #15) filed in Case No. 2:11 cv 540, as well as their Sixth Claim: Ohio Consumer Sales Practices Act violation, (which is predicated on their Second Claim), against Bank of America, N.A., successor by merger with BAC Home Loans Servicing, L.P." (Pls.' Mot. to Reopen at 3). In discussing the cases, Plaintiffs merely assert that the Sixth Circuit held the district court erred in addressing the FDCPA claim and reversed. Plaintiffs do not offer any additional argument as to how their case and claims are similar to those raised in the aforementioned cases.

Defendants, however, argue that the cited cases are "wholly inapposite to the claims put forth by Defendants in their TPC and Amended Complaint." (Defs.' Response at 3). The Court agrees.

In *Bridge*, 681 F.3d at 359, the Sixth Circuit held that the borrowers had sufficiently pled a FDCPA claim based on the fact that at the time Defendant began servicing their loan, it was in default. In the case at bar, Bank of America began servicing Plaintiffs' loan prior to default, therefore, Bank of America was not found to be a debt collector under the FDCPA. (See Doc. 49 at 14). In *Wallace*, the issue before the Court was whether the filing of a foreclosure action by the law firm claiming ownership of the mortgage by its client . . . constitutes a 'false, deceptive, or misleading representation' under the [FDCPA]." 683 F.3d at 327-28. This was not a claim raised by Plaintiffs in the case at bar.

Therefore, the Court agrees with Defendants and does not find any basis to reconsider its previous Opinion and Order or to reopen these claims.

**B.     Motion to Vacate Judgment Dismissing Claims against Ms. Williams**

Plaintiffs assert that Ms. Williams had no knowledge of this case and that the attorneys

representing her conspired to do so and have prevented them from obtaining discovery from her.

A party seeking to vacate a prior judgment must comply with the requirements of Rule 60(b) of the Federal Rules of Civil Procedure. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The Court may only vacate a final judgment for the reasons set forth above in Section II.

Plaintiffs have failed to set forth any basis to support their Motion to Vacate under Rule 60(b). Plaintiffs only assert that had she had different counsel, they could have contacted her regarding settlement or discovery. Regardless of who her counsel was, Plaintiffs would have to have contacted them and not Ms. Williams directly. Additionally, Plaintiffs have failed to acknowledge that this Court ruled that their claims against Ms. Williams failed as a matter of law. Therefore, there is no basis to vacate the judgment in favor of Ms. Williams. Having found no basis to vacate the judgment, the Court also denies Plaintiffs' Motion for Sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Reopen Certain Claims and **DENIES** Plaintiffs' Motion to Vacate Judgment of Dismissal of Claims against Sandra Williams and Motion for Sanctions.

The Clerk shall remove Documents 63and 88 in Case No. 2:11-cv-540, and Documents 51 and 79 in Case No. 2:11-cv-745 from the Court's pending motions list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

7